RICHARD WAYNE FERNLEAF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fernleaf v. Commissioner
Docket No. 21872-84.
United States Tax Court
T.C. Memo 1986-184; 1986 Tax Ct. Memo LEXIS 425; 51 T.C.M. (CCH) 976; T.C.M. (RIA) 86184; May 5, 1986. *425 Janine L. Hook, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency with respect to petitioner's 1980 Federal income tax of $10,645.55 and an addition to tax under section 6653(b) of $5,322.78. The issues are (1) whether respondent's motion to dismiss for failure to properly prosecute should be granted; (2) whether petitioner is liable for an addition to tax for fraud under section 6653(b) [1] or alternatively, whether petitioner is liable for an addition to tax for negligence under section 6653(a). FINDINGS OF FACT Petitioner, Richard Wayne Fernleaf, resided in Dundee, Ore. when he filed the petition herein. During the year in issue, petitioner was employed by Publishers' Paper Company of Oregon City, Ore., and Local #60 AWPPW of Newberg, Ore. Petitioner received wages, tips and other compensation in the amount of $35,652.86 and $1,188.43 from the respective employers. On four occasions, during *426 the period from November 26, 1979 to December 29, 1980, petitioner submitted to the payroll department of Publishers' Paper Company Forms W-4 (Employee's Withholding Allowance Certificates). On the first Form W-4, which petitioner submitted on November 26, 1979, he claimed fifty-one withholding allowances. On the second Form W-4, submitted on July 7, 1980, petitioner claimed that he was exempt from withholding because (1) he did not owe Federal income tax in the previous year; (2) he did not expect to owe any Federal income tax in that year; and (3) he expected to have a right to a full refund of all income tax withheld. Thereafter, Publishers' Paper Company was advised by respondent that such Form W-4 should no longer be honored and petitioner was notified thereof. Subsequently, petitioner signed and submitted the third Form W-4 on November 18, 1980, whereon he claimed ten withholding allowances. On December 29, 1980, petitioner signed and submitted the fourth Form W-4 whereon he once again claimed to be exempt from withholding. On each of the above-mentioned Forms W-4, petitioner certified under penalty of perjury either that he was entitled to the number of withholding allowances *427 claimed on such Form W-4 or that he was entitled to the exempt status claimed. Petitioner had filed joint Federal income tax returns with Lula M. Fernleaf for 1978 and 1979, both of which showed properly computed Federal income tax liability. Contrary to his certification of exempt status on two of the Forms W-4 submitted and his statement that he owed no tax in 1979, petitioner's Federal income tax return for 1979 reveals a Federal income tax liability of $1,934. For 1980, petitioner filed a Form 1040 whereon he indicated his filing status as single. On such Form 1040, he reported $36,841 in wages, salaries and tips, and $54 in interest income, thereby showing a total income amount of $36,895. Petitioner then revised such Form 1040 to claim a deduction for an item entitled "Non-taxable receipts ( )" in the same amount as his wages, or $36,841, and thus reported his adjusted gross income as $54. Petitioner also claimed and subsequently received a refund for Federal income tax and FICA tax withheld for 1980. On April 3, 1984, respondent issued a notice of deficiency with respect to petitioner's 1980 Federal income tax whereon *428 respondent disallowed the "non taxable receipts" deduction claimed by petitioner on the Form 1040 filed for that year and further determined that all or part of the underpayment was due to fraud. Petitioner timely filed a petition with this Court on June 29, 1984, and designated Portland, Ore. as the place of trial. Respondent timely filed his answer to the petition on August 20, 1984 wherein he raised as an alternative to the determination of fraud under section 6653(b) the argument that a portion of the underpayment was due to negligence within the meaning of section 6653(a). The instant case was set for trial at the Court's trial session beginning on November 26, 1985 at Portland, Ore. A notice setting case for trial from the Clerk of the Court was served on petitioner on August 29, 1985. In such notice petitioner was informed that his failure to appear at trial might result in dismissal of the case and entry of decision against him. Prior to trial, respondent's counsel on August 29, 1985, served upon petitioner interrogatories and a request for production of documents to which petitioner failed to respond.On October 15, 1985, respondent's counsel filed a motion for an order *429 compelling petitioner to respond to respondent's interrogatories or for an order imposing sanctions under Rule 104 and a motion for an order compelling petitioner to respond to respondent's request for production of documents or for an order imposing sanctions under Rule 104. On November 21, 1985, the Court issued an order directing petitioner to answer respondent's interrogatories and to produce documents requested by respondent's counsel. A copy of such order was served on petitioner by the Court on November 22, 1985. Petitioner did not comply with the Court's order to answer respondent's interrogatories or produce any documents. On November 26, 1985, the instant case was called from the calendar at Portland, Ore. Petitioner failed to appear. At that time, counsel for respondent moved to dismiss the instant case for failure to properly prosecute. The instant case was recalled for trial on November 27, 1985, at which time petitioner again did not appear. The case proceeded to trial on the fraud issue. Respondent introduced several documents into evidence and called as a witness the corporate payroll manager of Publishers' Paper Company. The Court then informed respondent's *430 counsel that respondent's motion to dismiss would be granted and that respondent was to submit a memorandum of points and authorities with respect to the issue of petitioner's liability under section 6653(b). Such memorandum was duly filed. OPINION We first address respondent's motion to dismiss for failure to properly prosecute. Both Rule 123(b) and Rule 149(a) are relevant herein. Rule 123(b) provides: Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. Rule 149(a) provides as follows: Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the *431 absent party or parties. No excuse was offered by petitioner as to his failure to appear at trial. As indicated above, the place of trial was designated by petitioner. In addition, the notice setting trial placed him on notice of the consequences of his unexcused absence. Furthermore, petitioner failed to comply with the November 21, 1985 order of the Court directing him to answer to respondent's interrogatories and to produce the requested documents. In light of petitioner's conduct in this proceeding and his failure to appear when the instant case was called for trial, respondent's motion to dismiss is granted. A decision against petitioner will therefore be entered with respect to the underlying deficiency as set forth in the notice of deficiency. We now turn to respondent's determination that petitioner is liable for an addition to tax for fraud under section 6653(b). Section 6653(b) provides that there shall be added to the tax an amount equal to 50 percent of the underpayment of tax if any part of the underpayment is due to fraud. Sec. 6653(b). Respondent bears the burden of proving by clear and convincing evidence that petitioner underpaid his tax, and that some portion *432 of this underpayment was due to fraud. Rule 142(b); . The record establishes that petitioner earned wages and failed to properly report them as income or to pay the taxes due on them. The element of underpayment is therefore established. See sec. 6653(c). What remains for consideration is whether that underpayment was due to fraud. The inguiry turns on whether the record establishes an intentional wrongdoing motivated by the specific purpose of evading a tax known or believed by petitioner to be owing, as evidenced by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax. , affd. without published opinion ; . The existence of fraud is a question of fact to be determined upon consideration of the entire record. . While fraud may never be presumed, , it may be proven by circumstantial evidence. *433 . Petitioner's filing of Forms W-4 on which he falsely claimed that he had not owed taxes in the prior year, and that he did not expect to be liable for tax in the current year is a transparent effort to defraud the Federal government. See Petitioner had properly filed Federal income tax returns in the years prior to the year in issue. He knew that he was liable for Federal income tax in the prior years and that he would be liable for Federal income tax for the year in issue. Furthermore, the document which petitioner filed for 1980 showed a deliberate and fraudulent act on his part. Such Form 1040 showed an item of deduction which we have held repeatedly to be improper. See, e.g., ; , affd. ; . We are convinced that petitioner knew such deduction to be false and improper, and intended to defraud the government by deliberately claiming such false deduction. *434 Moreover, petitioner improperly claimed a refund of income and FICA taxes withheld. We are convinced that petitioner intended to submit such Form 1040 for the sole purpose of misleading respondent's employees into paying petitioner's claimed amount of refund. Such deception was exposed and a notice of deficiency was issued. In light of petitioner's conduct with regard to the Form 1040 filed for 1980 and the false information certified to in the Forms W-4, we are convinced that petitioner intended to evade Federal income tax which he knew to be due and owing. Accordingly, we sustain respondent's imposition of an addition to tax under section 6653(b). Having determined that petitioner is liable for the addition to tax under section 6653(b), we need not address respondent's alternative argument of negligence under section 6653(a). To reflect the foregoing, Appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩